**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THIRD PARTY VERIFICATION, INC.,**

       **Plaintiff,**

**-vs-**                                                          **Case No.  6:06-cv-415-Orl-22DAB**

**SIGNATURELINK, INC., and**
**CATTLEDRIVER, L.L.C.,**

       **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY AND DISCLOSURE (Doc. No. 41)**
>
> **FILED:** October 10, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff moves for an order compelling Defendants to respond to its interrogatories and request for production of documents and serve their Rule 26 disclosures. Doc. No. 41. No response was filed to the Motion. Defendants filed unauthenticated written material in Response to Plaintiff's Motion to Dismiss Amended Counterclaim that should have been disclosed to Plaintiff by October 2, 2006.

Pursuant to Federal Rule of Civil Procedure 37, the Court may impose discovery sanctions, including dismissal, when the party "fails to obey an order to provide or permit discovery." Fed. R.

Civ. P. 37(b)(2). Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *Gratton v. Great American Communications*, 178 F.3d 1373, 1374-1375 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore "substantial responsibility" for the delays in discovery and that the defendants were not at all at fault).

Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties and their attorneys for failure to comply with the court's discovery orders. It provides that the court, in its discretion, may impose, among others, the following sanctions: (1) the court may order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order; (2) the court may refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (3) the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or enter a judgment of default against the violating party; and (4) the court may consider the violation a contempt of court." Fed. R. Civ. P. 37.

Defendants are **ORDERED** within 11 days of the date of this Order to serve their responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents and serve their Rule 26 Disclosures. Defendants' failure to respond to this discovery within 11 days of the date of this order may result in the imposition of further sanctions.

Defendants are **ORDERED** to pay motion costs of $250.

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-3-

Copies furnished to:

Counsel of Record