# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THIRD PARTY VERIFICATION, INC.,**

        **Plaintiff/Counter-Defendant,**

**-vs-**                             **Case No.  6:06-cv-415-Orl-22DAB**

**SIGNATURELINK, INC.,**
**CATTLEDRIVER, L.L.C., and**
**DAVE LISCUM,**

        **Defendants/Counter-claimants.**
_____

## ORDER

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANTS' MOTION FOR RECONSIDERATION AND/OR ENLARGEMENT OF DEFENDANTS' REVISED EXPERT REPORT AND DISCOVERY DEADLINES [CONCERNING SOURCE CODE FOR ONLINE SIGNATURE GUARANTEE SOFTWARE] (Doc. No. 93)**
>
> **FILED:**    **May 8, 2007**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

    Defendants SignatureLink, CattleDriver, and Dave Liscum (collectively "SignatureLink") seek reconsideration of this Court's May 2, 2007 Order requiring SignatureLink to provide a revised expert report by May 8, 2007 (the same day Defendants filed this Motion for Reconsideration) consistent with the Court's ruling limiting SignatureLink's expert's opinion to the two pages of source code on file with the Copyright Office. *See* Doc. No. 89.  SignatureLink contends that it was unable to provide a revised expert report by May 8, 2007 because it did not have a copy of Plaintiff's source code for

its expert to analyze and compare with SignatureLink's copyrighted source code.  SignatureLink also seeks an extension of the discovery deadline to depose Third Party's witnesses and because certain Motions to Dismiss remain pending.  Plaintiff opposes any reconsideration of the deadline for the revised expert report or other discovery, arguing that SignatureLink's inability to provide a finished expert report or be otherwise prepared for depositions is due to SignatureLink's own delay in timely serving discovery on Plaintiff.

Plaintiff Third Party Verification is suing Defendants for a declaratory judgment that it is not infringing copyrights, patents, or other intellectual property rights in "SignatureLink Web Signature Software" that captures signatures for online transactions.  Doc. No. 48  ¶¶ 5-7.  SignatureLink contends in its counterclaim for copyright infringement that Third Party Verification acquired a copy of SignatureLink's source code, copied the program to suit their own needs via "reverse engineering" of the software, and sold it as "AssureSign Electronic Signature Technology."  Doc. No. 54 ¶¶ 22, 23, 25.  Central to the litigation is the internet signature capture source code that was allegedly reverse engineered.

Third Party moved to compel SignatureLink's source code; and SignatureLink moved for a protective order that it not be produced (although filed with the Copyright Office) unless a confidentiality agreement was in place.  Following oral argument and the parties' extensive briefing on the issue, the Court ruled that, as a sanction for SignatureLink's delay and recalcitrance for eight months in producing any form of its source code, SignatureLink would be limited in pursuing its copyright counterclaim to the **two pages of source code** that was undisputably on file with the Library of Congress.  *See* Doc. No. 72-15.  The Court also ordered that the basis for SignatureLink's expert's opinion on its copyright counterclaim would be limited to the **two pages of source code** that was undisputably on file with the Library of Congress.

-2-

SignatureLink contends that its expert cannot complete his report because Third Party does not have to respond to SignatureLink's written discovery until June 1, 2007 according to this Court's May 2 Order.  SignatureLink states that its First Request for Production of Documents seeking Third Party's source code was served on Plaintiff on March 22, 2007, making Plaintiff's response due on April 24, 2007, but SignatureLink agreed to an extension for that response until May 24, 2007.  Doc. No. 93 ¶ 3.  The Court extended Third Party's response deadline by one week (on Third Party's motion) via the May 2 Order as a consequence of SignatureLink's failure to produce its own source code.

SignatureLink's counsel represented in written filings that it *had already* produced its expert report.  *See, e.g.,* Doc. No. 75 (Notice of Service of Defendants' Expert Witness Disclosure pursuant to Rule 26(a)(2) which requires a written report prepared and signed by the expert witness).  SignatureLink contends that its expert's report was preliminary[1] and the expert cannot complete a final version of the report without a copy of Plaintiff's source code.  In a *footnote* rather than in the body of its Motion, SignatureLink argues that the Court somehow endorsed its argument that SignatureLink should not "be punished by the striking of its expert report filed on April 2, 2007 because it failed to propound discovery to Plaintiff sufficiently in advance of the April 2, 2007 deadline [for the expert report]."  Doc. No. 93 n.1.  SignatureLink also argues that it "will be severely prejudiced by the May 8, 2007 revised expert report deadline in view of the extensions granted to Plaintiff . . . by the Court Order until June 1, 2007."  *Id.*

Any "prejudice" ensuing to SignatureLink is a result of its own failure to timely request discovery, and has nothing to do with the Court's extension of Third Party's deadline.  The Court's

---

[1]Third Party Verification objected to that report for failing to timely seek discovery to obtain the information their expert needed in advance of the April 2, 2007 deadline.  *See* Doc. No. 78.

May 2 Order extending Third Party's response deadline *by one week* placed SignatureLink in no worse position that it had already placed itself in, since SignatureLink, by virtue of its own failure to timely serve discovery, did not have Third Party's source code before *April 2, 2007*, the due date for its expert report[2].   Contrary to SignatureLink's footnote, the Court's decision not to strike SignatureLink's expert report in no way condoned or excused SignatureLink's delay in propounding the appropriate discovery with time enough to receive the comparison source code for its expert to prepare a more informed report.  In fact, SignatureLink's expert has the same amount (or dearth) of information SignatureLink had *on April 2, 2007* when the report was due, though the Court has now narrowed the breadth of SignatureLink's potentially-infringed source code to the two pages of source code on file with the Library of Congress.  Third Party retains its ability to challenge on the merits SignatureLink's expert's opinion that "SignatureLink has good reason to believe that the alleged copying by [Third Party Verification] likely occurred" by raising many of the objections made in its Motion to Strike (Doc. No. 78).  SignatureLink is **ORDERED** to provide a revised expert report (limited to the **two pages of source code** that is on file with the Library of Congress) via fax or hand-delivery by **May 21, 2007.**  No further will be permitted without extraordinary good cause.

SignatureLink also seeks an extension of its discovery deadline beyond June 1, 2007 because that is the deadline for Third Party Verification to respond to SignatureLink's written discovery and SignatureLink will not have those responses due before the depositions of five witnesses listed on Third Party's Rule 26 Disclosures, which are set for the last week in May 2007.  Third Party's responses were not due until May 24, 2007.  Doc. No. 93 ¶ 3.  The Court extended Third Party's response deadline by one week (on Third Party's motion) to June 1.  Although the Court is troubled

---

[2] SignatureLink did not seek more time from the Court for its expert witness disclosure.

that SignatureLink set five of Third Party witnesses' depositions until the very last five business days before the expiration of the June 1 discovery deadline, the Court was unaware that the depositions had been set so late and did not intend to make SignatureLink depose the witnesses without the benefit of the discovery responses.  SignatureLink's deadlines for **the depositions only of the five witnesses previously set for the last week in May 2007** is extended by one week to **June 8, 2007.**  No further extensions will be permitted without extraordinary good cause.

The Court wholly rejects any suggestion by SignatureLink that the status of pending Motions to Dismiss (which were recently referred to this Court on April 26, 2007) have any bearing whatsoever on the discovery deadlines.  As it states in the Local Rules, "regardless of the pendency of any undecided motions," the parties are to proceed with case management scheduling and discovery.  *See* Local Rule 3.05(c)(2).

SignatureLink also erroneously argues that no prejudice would result to Third Party if SignatureLink's discovery deadlines were extended.  To extend SignatureLink's deadlines by sixty days as it requests would reward SignatureLink for its *own delay* in seeking discovery and for its wholesale failure respond to Third Party Verification's discovery or its First Motion to Compel (*see* Doc. No. 49).  The Court has sanctioned SignatureLink for its failure to respond to Third Party Verification's discovery, **not once, but twice** thus far.  Doc. No. 49 at 2 (citing Fed. R. Civ. P. 37); Doc. No. 89.  Allowing SignatureLink more time for delays caused by its own conduct would negate the impact of the Court's sanction of SignatureLink and cause a great deal of prejudice to Third Party Verification.

The parties are reminded that the deadline for filing of dispositive motions is **NOT** extended but remains August 31, 2007 and the trial date will **NOT** be continued, but remains January 2, 2008.

-5-

**DONE** and **ORDERED** in Orlando, Florida on May 18, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record